

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable T. M. Trimble,
First Assistant
State Superintendent
of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-5830

Re: Under the facts submitted, may the school trustees of Beaumont Independent School District sell property held in trust for public free school purposes for the purpose of investing in more convenient and desirable school property without breaching said trust?

We acknowledge receipt of your letter of recent date to which you attached a letter from Honorable W. A. Tatum, Attorney for the City of Beaumont and the Beaumont Independent School District, in which letter Mr. Tatum requested you to secure an opinion from the Attorney General on the following questions:

"Under Article 2773, Revised Civil Statutes of Texas, 1925, may the school trustees with the consent of the State Board sell property held in trust for public free school purposes for the purpose of investing in more convenient and desirable school property without breaching said trust, which property to be sold was acquired as follows:

"(a) By dedication where the owner designated in writing upon a properly recorded town-site or city addition plat or map certain property to be a school site or school square, which dedication was made

Honorable T. M. Trimble     Page 2

"(1) Prior to the enactment of Article 2773, Revised Civil Statutes of 1925,

"(2) Subsequent to the enactment of Article 2773, Revised Civil Statutes of 1925;

"(b) By donation or grant for a valuable consideration by deed, said deed reciting that said property is donated or granted for public free school purposes only, which conveyance was consumated

"(1) Prior to the enactment of Article 2773, Revised Civil Statutes of 1925,

"(2) Subsequent to the enactment of Article 2773, Revised Civil Statutes of 1925;

"(c) By donation or grant for a valuable consideration by deed, said deed reciting that said property is donated or granted for public free school purposes only and that in the event said property is not used for school purposes, said property shall revert back to the vendors, their heirs or legal representatives, which conveyance was consumated

"(1) Prior to the enactment of Article 2773, Revised Civil Statutes of 1925,

"(2) Subsequent to the enactment of Article 2773, Revised Civil Statutes of 1925?

"In other words, the question about which the school board is concerned is whether or not Article 2773, Revised Civil Statutes of 1925, is valid and supersedes the legal effect of conveyances for public free school purposes to-wit: Covenants and conditions subsequent, where said conveyances were made (1) prior to the enactment of said Article, and (2) subsequent to the enactment of said Article. The school board does not wish to convey any school property contrary to civil law and thereby breach a covenant or condition subsequent."

155

Honorable T. M. Trimble          Page 3

As stated in Opinion O-5082, "an opinion in a
case of this kind depends entirely upon all the facts and
circumstances surrounding the execution of the deeds," or
upon the facts in connection with the donation or dedica-
tion of the lands for public free school purpose only,
and therefore we shall not attempt to answer categorically
the questions submitted, but will discuss them generally.

In our opinion, Article 2773, R. C.S. 1925 does
not add anything to the title which a city or town has
with respect to property held in trust for free school
purposes only, but designates the agents by whom such
cities and towns may sell property owned by such cities
and towns.  It does not attempt to supersede the legal
effect of conveyance for free school purposes only, and
any such deeds containing covenants and conditions sub-
sequent are not affected by Article 2773, whether the
deeds were made prior to or subsequent to the enactment of
said Article.  See Swink v. City of Dallas 36 S.W. (2)
page 222; Maddox v. Adair, et al, 66 S. W. 811, error
refused, Hughes vs. Gladewater County Line Independent
School District, 76 S. W. (2) 471.

From the foregoing citations it will be seen
that it is impossible to express an opinion covering all
the different questions submitted by Mr. Tatum.  The correct
answer depends upon the nature of the title which the
district has to the property which it proposes to convey.
If it has a fee simple title, then under Article 2773, supra,
it may convey fee simple title through the agents therein
designated and for the purposes therein authorized.  But
if the title of the district is dependent upon continued
use of the property by the district for school purposes,
Article 2773 is inoperative to increase that title so as
to enable the district to convey the property for other
uses.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 10, 1944

ATTORNEY GENERAL OF TEXAS

By

C. F. Gibson
Assistant

CFG:ncd

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN